UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JAMES S. HUDSON, | ) | |
|     *Plaintiff*, | ) | |
| v. | ) | No.   1:11-cv-52 |
| | ) | Mattice/Lee |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, WARDEN PAUL JENNINGS; | ) | |
|     *Defendants*. | ) | |

**MEMORANDUM**

James S. Hudson ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 2). Plaintiff brings suit against Corrections Corporation of America ("CCA") and Warden Paul Jennings complaining that he is being wrongly imprisoned beyond the expiration of his sentence.

Plaintiff previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was dismissed for his failure to exhaust his state remedies. *See Hudson v. Jennings*, Civil Case No. 1:10-cv-296 (E.D. Tenn. Feb. 7, 2011). For the reasons discussed below, Plaintiff's § 1983 complaint will be **DISMISSED** *sua sponte* for failure to state a claim upon which relief may be granted (Doc. 2).

**I.     Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff, that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00 (Doc. 1). Plaintiff, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is a prisoner in custody at CCA Silverdale, he will be

1

**ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915 (Doc. 1). Plaintiff **SHALL** pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00, as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and judgment to the Warden and Custodian of Records at CCA Silverdale in Chattanooga, Tennessee, and the Commissioner of the Department of Corrections to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff shall collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

II.     **Standard of Review**

    A.     *Pro Se* **Pleadings**

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal,

3

it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds, Jones v. Bock*, 549 U.S. 199, 205 (2007),

## III.    Facts

Plaintiff claims his constitutional rights have been violated because he is being illegally incarcerated because his sentence has expired. He requests damages in the amount of $350,000.00 (Doc. 2).

4

## IV. Analysis

### A. 42 U.S.C. § 1983

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997).

### B. Heck Favorable Termination Rule

To recover for an allegedly unconstitutional imprisonment, the Plaintiff must show that there was a favorable termination of the underlying conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). In *Heck*, the Supreme Court held that § 1983 causes of action attacking the legality of one's confinement are cognizable only where the confinement has previously been established to be illegal: "We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called in to question by a federal court's issuance of a writ of

5

habeas corpus." *Id.* at 486-87. Where a plaintiff has not obtained such prior relief, he cannot state a viable § 1983 claim. *Id.* at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action").

Several United State Supreme Court cases have addressed the relationship between § 1983 and the federal habeas statutes and concluded "a prisoner in state custody cannot use a § 1983 action to challenge the 'fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citing *Preiser v. Rodriquez*, 411 U.S. 475 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. at 78. Thus, the Supreme Court has "concluded that a § 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." *Id.* (internal punctuation and citations omitted). "Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement–either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.*

While Plaintiff alleges he is unlawfully being held at CCA beyond the expiration of his sentence, he does not claim his sentence has been reversed, expunged, or declared invalid as required under *Heck*. Thus, there is no dispute that Plaintiff has not yet successfully established the unlawfulness of his confinement. Indeed, Plaintiff states he

6

has filed a state writ of habeas corpus that is apparently currently pending (Doc. 2, p. 3). Were Plaintiff successful in that action, he would then not be prevented by *Heck* from pursuing a § 1983 action. At this time, however, applying the Supreme Court principles discussed above, Plaintiff's claim attacking the legality of his confinement is not cognizable under § 1983. Accordingly, because the present action is barred by the *Heck* doctrine, it will be **DISMISSED** for failure to state a claim upon which relief can be granted and the case will be closed. 28 U.S.C. §§ 1915A and 1915(e)(Court Doc. 2).

      An appropriate judgment will enter.

                                                      /s/Harry S. Mattice, Jr.
                                                HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE